1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

10

SHAW RAHMAN,                                    CASE NO. C13-218-MJP

11              Plaintiff,                       ORDER GRANTING MOTION TO
                                                 DISMISS FOR LACK OF
12       v.                                      PERSONAL JURISDICTION

13   CRYSTAL EQUATION, et. al.,

14              Defendants.

15

16       This matter comes before the Court on Defendant Miles Muslin's motion to dismiss for

17   lack of personal jurisdiction.  (Dkt. No. 48.)  Having considered the motion, Plaintiff's responses

18   (Dkt. Nos. 51, 66), the reply (Dkt. No. 65), and all related papers, the Court GRANTS the

19   motion and dismisses Mr. Muslin from the case.

20                                      **Background**

21       Plaintiff Shaw Rahman sues his former employer, Crystal Equation, alleging

22   discrimination.  He also sued Miles Muslin, an employee of Crystal Equation.  Mr. Muslin is a

23
24

1   resident of the state of Illinois, where he lives and works.  (Dkt. No. 49 at 1.)  Mr. Muslin does

2   not own any property in Washington nor has he conducted business in Washington.  (Id.)

3   Plaintiff's factual allegations against Mr. Muslin are limited in scope.  Mr. Muslin is a recruiter

4   for Crystal Equation and spoke with Plaintiff regarding employment with Crystal Equation.

5   Crystal Equation provides contact services to Defendant AT&T.  Plaintiff also alleges, Mr.

6   Muslin arranged his July 2011 travel to Atlanta, Georgia for work.  (Dkt. No. 1-2 at 15.)

7   Plaintiff stayed in the Marriott Hotel in room 911.  (Id.)  Plaintiff alleges his placement in that

8   room number was discriminatory.  (Id.)

9       Defendant Mr. Muslin moves to dismiss the complaint for lack of personal jurisdiction.

10  (Dkt. No. 48.)

11                                      **Analysis**

12      Mr. Muslin contends that the Court cannot assert personal jurisdiction over him because

13  the contacts he has to Washington and Plaintiff are simply too attenuated to satisfy due process.

14  (Dkt. No. 48.)  Plaintiff concedes the Court lacks general jurisdiction over Mr. Muslin, but

15  asserts the contractual relationship between Crystal Equation and AT&T as well as his direct

16  contact with Plaintiff provide the basis for finding specific jurisdiction.  (Dkt. No. 51.)

17      In order for the Court to exercise jurisdiction over a non-resident under Washington law

18  and the federal Due Process Clause, plaintiff must show that each defendant had "certain

19  minimum contacts with [Washington] such that the maintenance of the suit does not offend

20  traditional notions of fair play and substantial justice."  Int'l Shoe Co. v. Washington, 326 U.S.

21  310, 316 (1945).  In the Ninth Circuit, a three-part test is used to determine whether the

22  circumstances giving rise to the litigation provide sufficient forum-related contacts to justify the

23  exercise of personal jurisdiction:

24

ORDER GRANTING MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION- 2

(1) [t]he non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;

(2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and

(3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e., it must be reasonable.

Schwarzenegger v. Fred Martin Motor Co., 374 F.3d 797, 802 (9th Cir. 2004.)  The first requirement is intended to ensure that a party has sufficient contacts with the forum state to warrant his being haled into court there: "random, fortuitous, or attenuated contacts" are not enough to satisfy the constitutional requirements.  Ziegler v. Indian Country, 64 F.3d 470, 473 (9th Cir. 1995).

Here, the Court finds Plaintiff's claims too attenuated for personal jurisdiction to exist. Plaintiff  asserts a discrimination claim against Mr. Muslin, a resident of Illinois, who he claims (without any specificity) discriminated against him.  Even looking to the scant allegation in the complaint, one cannot reasonably infer Mr. Muslin could have reasonably anticipated these acts—inquiring over the telephone about employment and booking travel arrangements—would expose him to liability in Washington.  Further, the alleged discrimination experienced by Plaintiff occurred in Atlanta, Georgia, where he stayed in room 911.  The Court cannot find that that plaintiff's discrimination claim arise out of Mr. Muslin's targeting of plaintiff ( i.e., his forum-related activities) and that the exercise of jurisdiction in these circumstances comports with our traditional notions of fair play and substantial justice.  The Court lacks personal jurisdiction over Mr. Muslin and the claims against him must be dismissed.

//

1

2                                **Conclusion**

3        Because the Court lacks personal jurisdiction over Mr. Muslin, the Court GRANTS the

4    motion and DISMISSES Plaintiff's claims against him.

5        The clerk is ordered to provide copies of this order to all counsel.

6        Dated this 17th day of September, 2013.

7

8                                        _Marsha J. Pechman_
                                          Marsha J. Pechman
9                                          Chief United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER GRANTING MOTION TO DISMISS FOR
LACK OF PERSONAL JURISDICTION- 4